## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARC IRWIN SHARFMAN, M.D., P.A.,
individually and on behalf of all others similarly
situated,

Plaintiff,

v.

BRAINCHECK, INC.,

Defendant.

Case No.

Removed from the
Eighteenth Judicial Circuit in and for
Seminole County, Florida
Case No:  2022CA001106

CLASS REPRESENTATION

### DEFENDANT BRAINCHECK, INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, MIDDLE

DISTRICT OF FLORIDA:

PLEASE TAKE NOTICE that Defendant BrainCheck, Inc. ("BrainCheck" or

"Defendant") hereby removes this action from the Circuit Court of the Eighteenth Judicial

Circuit, in and for Seminole County, Florida, to the United States District Court for the Middle

District of Florida, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

### Procedural History and Timeliness of Removal

1.      On May 16, 2022, Plaintiff Marc Irwin Sharfman, M.D., P.A. ("Plaintiff") filed a

civil action in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County,

Florida, entitled *Plaintiff Marc Irwin Sharfman, M.D., P.A., individually and on behalf of all*

*others similarly situated v. BrainCheck, Inc*., Case No. 2022CA001106 (the "Action" or the

"State Court Action").  True and correct copies of all process, pleadings, and orders served on

Defendant in the State Court Action are attached as **Exhibit A.**

1

SF-4857052

2.      Plaintiff served the Complaint upon Defendant on May 19, 2022.  Defendant's removal notice is thus timely.  *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendant's receipt of the pleading).

### Basis for Removal Jurisdiction

3.      <u>Federal Question Jurisdiction</u>.  This Court has federal question jurisdiction over the Action pursuant to 28 U.S.C. § 1331.  Courts in this district and the Eleventh Circuit have found removal of Telephone Consumer Protection Act ("TCPA") claims proper based on federal question jurisdiction.  *See*, *e.g.*, *Pedraza v. Monarch Recovery Mgmt., Inc.*, No. 2:13-CV-892-FTM-38, 2014 WL 545370, at *2 (M.D. Fla. Feb. 11, 2014) ("This Court has subject matter jurisdiction in this matter because there was a federal question at the time of removal due to the count brought pursuant to the TCPA."); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, because the Complaint alleges a violation of the TCPA.  It is established that federal courts have subject matter jurisdiction over TCPA claims."); *Speidel v. Am. Honda Fin. Corp.*, No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("[T]he Court has federal question subject matter jurisdiction over Plaintiffs claims arising under the TCPA[.]'") (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)).

4.      Plaintiff alleges here that Defendant, "in violation of the TCPA," sent Plaintiff a single "unsolicited fax advertisement."  (Ex. A, Compl. ¶ 7.); *see also* Compl. ¶¶ 30-35 (Count I for TCPA violations).  The Complaint alleges that the "TCPA makes it unlawful for any person to 'use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited fax advertisement[.]'"  (Ex. A, Compl. ¶ 31, citing 47 U.S.C. § 227(b)(1)(C).)

5.      The Court also has supplemental jurisdiction over Plaintiff's common law conversion claim.  *Speidel*, 2014 WL 820703, at *2 (noting that the court "can exercise supplemental jurisdiction over the accompanying state law claims" where they are "part of the same case or controversy").  Here, the conversion claim is premised on Plaintiff's alleged TCPA violation, based on the theory that the single fax converted Plaintiff's fax machine and "employees' time."  (Ex. A, Compl. ¶ 37.)  Thus, the conversion count is part of the same case or controversy and subject to removal.

### Notice to State Court

6.      Defendant will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, pursuant to 28 U.S.C. § 1446(d).  The state court removal notice is attached as **Exhibit B.**

Accordingly, Defendant respectfully submits that this action is properly removed pursuant to the Court's federal question jurisdiction.

**DATED** this 20th day of June 2022.

Respectfully Submitted,

*/s/   Christi A. Lawson*
Christi A. Lawson
Florida Bar No. 0498351
FOLEY & LARDNER LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
Telephone:  407.244.3235
Facsimile:  407.648.1743
clawson@foley.com

*Attorneys for Defendant,*
*Braincheck, Inc.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served upon **Ryan M. Kelly**, (rkelly@andersonwanca.com), ANDERSON + WANCA 3701 Algonquin Road, Suite 500, Rolling Meadows, IL 60008, either via transmission of Notices of Electronic Filing generated by CM/ECF or by e-mail and U.S. Mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing, this 20th day of June 2022.

*/s/ Christi A. Lawson*
Christi A. Lawson
Florida Bar No. 0498351
FOLEY & LARDNER LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
Telephone:  407.244.3235
Facsimile:  407.648.1743
clawson@foley.com
*Attorneys for Defendant,*
*Braincheck, Inc.*

4

SF-4857052