# EXHIBIT A



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| YAEL KATZ<br>BRAINCHECK INC<br>5615 KIRBY DR STE 690<br>HOUSTON TEXAS 77005-2446 | **Date Processed:** | 05/19/2022 |
| | **Completed By:** | MARY ANN QUICK |
| | **Delivery Method to Client:** | FEDEX 2 DAY |
| | **Tracking Number:** | 273323125062 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>05/19/2022 10:00 AM in TEXAS | **Transmittal #**<br>TX-222771 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|
| **With Regard to Client**<br>BRAINCHECK, INC. | | |
| **Title of Case or Action**<br>MARK IRWIN SHARFMAN, M.D., P.A., ET AL. V. BRAINCHECK, INC. | | |
| **Case Number**<br>2022CA001106 | **Type of Document Served**<br>COMPLAINT/PETITION | |
| **Court Name**<br>18TH JUDICIAL CIRCUIT, SEMINOLE COUNTY, FLORIDA | | |
| **Note** | | |



1-222771F

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
## IN AND FOR SEMINOLE COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION

MARC IRWIN SHARFMAN, M.D., P.A., a
Florida corporation, individually and on behalf
Of all others similarly situated,

Case No.:    **2022CA001106**

               **Plaintiff**

v.

**CLASS REPRESENTATION**

BRAINCHECK, INC., a
Texas corporation,

               Defendant.

_____/

### SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or
petition in this action on defendant(s):

        **BRAINCHECK, INC. c/o Capitol Corporate Svcs, Inc.**
        **206 E. 9th Street – STE 1300**
        **Austin, TX  78701**

    Each defendant is required to serve written defenses to the complaint or petition on **Ryan M.
Kelly**, plaintiff's attorney, whose address is **ANDERSON + WANCA, 3701 ALGONQUIN ROAD,
SUITE 500, ROLLING MEADOWS, IL  60008** within 20 days after service of this summons on
that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of
this court either before service on plaintiff's or immediately thereafter.  If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED on** ___May___ __16__ , 2022

Attorney:  Ryan M. Kelly
Florida Bar No.: 90110
Attorney for Plaintiff
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
rkelly@andersonwanca.com

        **Grant Maloy**

CLERK OF CIRCUIT COURT  **And Comptroller**
/s Deborah  Conant        592022CA0011060000XX
05/16/2022 12:00:28 PM
dfcc6f04-3826-4488-a506-d9e6e98881ff
**Deputy Clerk**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Seminole Court Administration, 301 N. Park Avenue, Suite N301, Sanford, Florida 32771, (407) 665-4227, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Seminole Court Administration, 301 N. Park Avenue, Suite N301, Sanford, Florida 32771, (407) 665-4227, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunalentende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance

juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Seminole Court Administration, 301 N. Park Avenue, Suite N301, Sanford, Florida 32771, (407) 665-4227, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## Enpotan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Seminole Court Administration, 301 N. Park Avenue, Suite N301, Sanford, Florida 32771, (407) 665-4227, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Seminole Court Administration, 301 N. Park Avenue Suite N301, Sanford, Florida 32771, (407) 665-4227, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribunal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT IN
AND FOR SEMINOLE COUNTY,
FLORIDA

MARC IRWIN SHARFMAN, M.D., P.A.,          Case No.:
individually and on behalf of all others similarly
situated,

      Plaintiff,

v.

BRAINCHECK, INC.,                          CLASS REPRESENTATION

      Defendant.

_____/

## CLASS ACTION COMPLAINT

MARC IRWIN SHARFMAN, M.D., P.A. ("Plaintiff"), brings this action individually and on behalf of all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, BRAINTREE, INC. ("Defendant").

## PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 (hereafter "TCPA" or the "Act"), provides in part:

     **(b) Restrictions on use of automated telephone equipment**

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless--

47 U.S.C. § 227(b)(1)(C).

3.      The statutory language following "unless" sets forth the requisites for the established business relationship ("EBR") affirmative defense.   The restriction regarding unsolicited fax advertisement falls under "automated telephone equipment." 47 U.S.C. § 227(b)(1)(C)). In passing the TCPA, Congress found, *inter alia*, that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," Pub. L. 102-243, § 2, ¶ 13, and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce," *id.* ¶ 14. In *Mims v. Arrow Fin. Servs., LLC*, the Supreme Court stated Congress passed the TCPA because unregulated telemarketing is "intrusive," a "nuisance," and "rightly regarded as an invasion of privacy." 565 U.S. 368, 372 (2012).

4.      The chapter in which the TCPA is listed, Chapter 5, "Wire or Radio Communication," defines the term "person" to "include[] an individual, partnership, association, joint-stock company, trust, or corporation" *See* Communications Act of 1934, Definitions, 47 U.S.C. § 153(39).

5.      The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.*

§ 227(a)(5). The Federal Communications Commission ("FCC") has authority to prescribe regulations to implement the TCPA. *Id.* § 227(b)(2); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012). The regulations define "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). The regulations define "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10).

6.     The TCPA creates a private right of action for any person or entity that receives an advertisement in violation of the Act and provides for statutory damages in the amount of $500 for each violation, as well as injunctive relief against future violations. *Id.* § 227(b)(3)(A)–(B). Additionally, the TCPA provides that treble damages may be assessed if in the Court's discretion the defendant "willfully or knowingly" violated the Act. *Id.* § 227(b)(3).

7.     On or about April 20, 2022, Defendant, or persons and/or entities acting on behalf of Defendant, in violation of the TCPA, sent Plaintiff an unsolicited fax advertisement ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A. The Fax describes the commercial availability and/or quality of Defendant's property, goods, or services, namely, Defendant's digital cognitive testing platform (Exhibit A).

8.     On information and belief, Plaintiff alleges that Defendant, or persons and/or entities acting on behalf of Defendant, in violation of the TCPA, sent the same Fax on or about April 20, 2022, to the proposed Class.   On information and belief, Plaintiff alleges that Defendant has sent other unsolicited advertisements via facsimile transmission in violation of the TCPA during the four years preceding the filing of this lawsuit.

9.      Unsolicited fax advertisements harm the recipients. Such recipients lose the use of their fax machine, as well as paper and ink toner if the fax is printed. An unsolicited fax advertisement also wastes the recipient's time that would have been spent on something else. An unsolicited fax advertisement intrudes upon the recipient's seclusion, violates the recipient's right to privacy, and is a nuisance. Unsolicited fax advertisements occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor and effort to attempt to discern the source and purpose of the unsolicited message.

10.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely, liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event willfulness in violating the TCPA is shown.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 47 U.S.C. § 227 and Florida Statutes § 26.012, in that this class action seeks recovery of damages in excess of $15,000.00, exclusive of interests and costs, and Defendant has transacted business in Florida and committed tortious acts related to the matters complained of herein in Florida.

4

12.     Venue is proper in Seminole County pursuant to Florida Statutes § 47.051 in that the cause of action occurred in this county and Plaintiff has its principal place of business in this county.

## PARTIES

13.     Plaintiff, MARC IRWIN SHARFMAN, M.D., P.A., is a Florida professional association, with its principal place of business in Longwood, Florida.

14.     On information and belief, Defendant BRAINCHECK, INC., is and was at all relevant times, a Texas corporation with its principal place of business in Houston, Texas.

15.     BrainCheck's website, http://www.braincheck.com/platform/cognitive-assessment (last visited 5/4/2022) states:

> When screening tools indicate possible cognitive concerns — or when patients have subjective memory complaints — the BrainCheck platform helps providers quickly and accurately assess cognitive function. With standard and customizable cognitive assessment batteries, support for multiple languages, and remote testing capabilities, the BrainCheck platform can help providers increase access to important cognitive care.

## FACTUAL ALLEGATIONS

16.     On or about April 20, 2022, Defendant sent the Fax to Plaintiff using a telephone facsimile machine, computer or other device.  The Fax was "addressed" to Plaintiff's ten-digit telephone facsimile number, and sent over a regular telephone line.  A copy of the facsimile is attached hereto as Exhibit A.

17.     The April 20, 2022, Fax states, in part, as follows:

"Rapid, reimbursable cognitive testing – built for primary care.

An estimated 60% of seniors with dementia lack a diagnosis, and primary care physicians are often who patients go to first with cognitive concerns....BrainCheck's digital cognitive testing platform helps clinicians assess and address cognitive concerns earlier and more effectively than ever before.  Assessments require less physician time, provide objective date to inform clinical decisions and support reimbursement with detailed documentation."

5

The fax provides a CPT Code and Medicare Reimbursement Rate chart. The bottom of the fax reads "Find out if BrainCheck is right for your practice, and get started with a free 30-day trial in less than 20min."

*Exhibit A.*

18.    The Fax advertises the commercial availability and/or quality of Defendant's services – digital cognitive testing platform (Ex. A).

19.    Defendant created or made the Fax, or directed a third party to do so, and the Fax was sent by or on behalf of Defendant with Defendant's full knowledge and authorization.

20.    On information and belief, Defendant receives some or all of the revenues generated from the sale of the services advertised on Exhibit A, and Defendant profits and benefits from the sale of said services advertised on Exhibit A.

21.    Plaintiff did not give Defendant "prior express invitation or permission" to send fax advertisement to it.

22.    On information and belief, Defendant faxed or caused to be faxed to at least fifty other recipients' telephone facsimile machines the same and/or other unsolicited facsimile advertisements without first receiving the recipients' prior express invitation or permission, and without the required opt-out language, *see* 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4), thereby precluding the affirmative defense of established business relationship (EBR).

23.    The receipt of the Fax by Plaintiff, and by proposed Class members, on their telephone facsimile machines harmed said recipients. Such recipients lose the use of their fax machine, as well as paper and ink toner if the fax is printed. The Fax also wastes the recipients' time that would have been spent on something else. Faxes intrude upon the recipients' seclusion, violate the recipients' right to privacy, and are a nuisance. The Fax occupied fax lines, prevented

fax machines from receiving authorized faxes, prevented their use for authorized outgoing faxes, caused undue wear and tear on the recipients' fax machines, and required additional labor and effort to attempt to discern the source and purpose of the unsolicited message.

## CLASS REPRESENTATION ALLEGATIONS

24.　In accordance with Fla. R. Civ. P. 1.220, Plaintiff brings this class action pursuant to the TCPA, on behalf of the following Class of persons:

> All persons or entities who (1) on or after four years prior to the filing of this action (the "Class Period"), (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and/or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4).

Excluded from the Class are Defendant, its employees, agents, and members of the Judiciary. Plaintiff seeks to certify a class which includes, but is not limited to, the fax advertisement sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

### Numerosity and Impracticability of Joinder – Rule 1.220(a)(1)

25.　Plaintiff is informed and believes in good faith that the class includes fifty or more persons and as such, the members of the Class are so numerous that joinder of all members is impracticable.

### Commonality - Rule 1.220(a)(2)

26.　There are questions of fact or law common to the class, which predominate over questions affecting only individual class members, including without limitation:

(i)     Whether the Fax(es) and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

(ii)    Whether Defendant are senders of the Faxes, *see* 47 C.F.R. § 64.1200(f)(10);

(iii)   Whether Defendant had prior express invitation or permission to send Plaintiff and the Class fax advertisements;

(iv)    Whether the Fax(es) contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(v)     Whether Defendant should be enjoined from faxing advertisements in the future;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant committed the common law tort of conversion; and

(viii)  Whether the Court should award trebled damages.

<u>**Typicality**</u>

27.    Plaintiff's claims are typical of those of the members of the Class.  Plaintiff received the same or other Faxes as the Faxes sent by or on behalf of Defendant advertising the availability and/or quality of property, goods, or services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members. Defendant have acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or other fax advertisements

which were sent without prior express invitation or permission and or which did not contain the proper opt-out language (precluding the affirmative defense of EBR).

### Adequacy of Representation – Rule 1.220(a)(4)

28.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.  Plaintiff has interests in common with the proposed class members and Plaintiff and Plaintiff's counsel will prosecute the case.  Plaintiff has the same claim for damages as the other class members, and Plaintiff and the other class members can recover the same statutory liquidated damages.

### Predominance and Superiority – Rule 1.220 (b)(3)

29.     Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)     Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)     Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small

claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)     This case is inherently manageable as a class action in that:

(i)     Defendant identified persons to receive the fax transmissions and it is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)     Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii)     Statutory damages are provided for in the Act and are the same for all class members and can be calculated in the same or similar manner;

(iv)     A class action will result in an orderly and expeditious administration of claims and it will foster economies of time, effort, and expense; and:

(v)     As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

<u>COUNT I</u>

**VIOLATIONS OF TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227**

30.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

31.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited fax advertisement . . ." 47 U.S.C. § 227(b)(1)(C).  The TCPA defines "telephone facsimile machine" as "equipment which has the capacity (A) to transcribe text or images, or both, from paper into

10

an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." (Opp. at 20, citing 47 U.S.C. § 227(a)(3)) (emphasis added).

32.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

33.     **The Fax**. Defendant sent the Fax on or about April 22, 2022. The Fax was "addressed" to Plaintiff's and the Class's ten-digit telephone numbers, and transmitted from a telephone facsimile machine, computer, or other device, through regular telephone lines.   The Fax constituted an advertisement under the Act and the regulations implementing the Act, and the Defendant is the sender of the Fax. Defendant failed to comply with the Opt-Out Requirements in connection with the Fax, thereby precluding the affirmative defense of EBR.

34.     Defendant's actions harmed Plaintiff and the Class, which were subjected to an invasion of their privacy and their interest in seclusion in being sent the unsolicited Fax advertisement, and the Fax was a nuisance. Plaintiff and the Class wasted their time determining that the Fax was an unsolicited advertisement, and the costs of advertising were shifted from the Defendant to the Plaintiff and the Class. In particular, Plaintiff and the Class wasted money on paper and toner in the event that the Faxes were printed, and Defendant accessed/occupied Plaintiff's and the Class's telephone lines and telephone facsimile machines to send fax advertisements at Plaintiff's and the Class's expense.   Plaintiff seeks to certify a class which includes this Fax and all other unsolicited fax advertisements sent during the four years prior to the filing of this case through the present.

11

·35.    **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this action, and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and the Class other faxes that constitute advertisements under the TCPA that were transmitted to said persons or entities without their prior express invitation or permission and/or without a compliant opt-out notice.

## COUNT II

## CONVERSION

36.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37.    By sending Plaintiff and the other Class members unsolicited fax advertisements, Defendant improperly and unlawfully converted Plaintiff's and the Class's telephone facsimile machines, toner, and paper to their own use in order to send the unsolicited Fax advertisements. Defendant also converted Plaintiff's and the Class's employees' time to Defendant's own use in discerning that the Fax was in fact unsolicited junk-faxes

38.    Immediately prior to the sending of the unsolicited fax, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

39.    By sending the unsolicited fax, Defendant misappropriated and/or occupied the Plaintiff's and other Class members' fax machines, telephone line, toner, paper, and employee time to Defendant's own use.  Such misappropriation and/or occupation was wrongful and without authorization.

40.    Defendant knew or should have known that its misappropriation of fax machines,

telephone lines, paper, toner, and employee time was wrongful and without authorization.

41.     Plaintiff and the other Class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

42.     Defendant's unsolicited fax advertisement effectively stole Plaintiff's and the other Class members' employees' time because multiple persons employed by Plaintiff and the other Class members were involved in receiving, reading, routing, and reviewing Defendant's illegal fax. Defendant knew or should have known that Plaintiff and the other Class member's and their employees would have to read the unsolicited fax advertisement in order to determine that said fax was an unsolicited fax advertisement.

43.     As a result of the foregoing, Defendant's actions caused damages to Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, MARC IRWIN SHARFMAN, M.D., P.A., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BRAINCHECK, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.     That the Court enter judgment finding Defendant have violated the TCPA and are liable to Plaintiff and the members of the Class for violating the TCPA;

C.     That the Court enter judgment finding Defendant unlawfully converted the fax machines of Plaintiff and the members of the Class and are liable to Plaintiff and the members of the Class for damages arising from its conversion;

D.     That the Court award statutory liquidated damages in the sum of five hundred dollars ($500.00) for each violation, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing," and an appropriate award of damages for each act of conversion;

E.     That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

F.     That the Court award pre-judgment interest, costs, including reasonable attorneys' fees, and such further relief as the Court may deem just and proper.

Respectfully submitted,

MARC IRWIN SHARFMAN, M.D., P.A.,
individually and as the representative of a class of similarly-situated persons

By: /s/ Ryan M. Kelly
Ryan M. Kelly – FL Bar No.: 90110
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500 / Fax: 847-368-1501
Email:  rkelly@andersonwanca.com

14

**Exhibit A**

# Rapid, reimbursable cognitive testing—built for primary care.



**BrainCheck**

An estimated 60% of seniors with dementia lack a diagnosis, and primary care physicians are often who patients go to first with cognitive concerns. Yet with busy schedules, it can be difficult to fit even a brief cognitive screener into patient appointments.

BrainCheck's digital cognitive testing platform helps clinicians assess and address cognitive concerns earlier and more effectively than ever before. Assessments require less physician time, provide objective data to inform clinical decisions and support reimbursement with detailed documentation.

**Why use BrainCheck in your practice?**

- ☑ Clinically Validated
- ☑ Reimbursable
- ☑ Easy-to-use for patients
- ☑ Immediate Results
- ☑ Administer remotely or in-clinic by a technician or medical assistant
- ☑ Scoring is objective & compares against patients' age group

## BILLING FOR BRAINCHECK IN YOUR CLINICAL PRACTICE

| CPT CODE | DESCRIPTION | MEDICARE REIMBURSEMENT RATE |
|---|---|---|
| 96138 | Neurocognitive test administration, *first 30 minutes*[2] | $37 |
| 96132 | Test interpretation, decision-making, *first hour* | $133 |
| **SUBTOTAL** | | **$170** |
| 99483 | Cognitive care planning[3] (*separate visit*) | $282 |
| **GRAND TOTAL** | | **$452** |

[1] The figures presented above are based on 2022 CPT codes and the Medicare Physician Fee Schedule before geographic adjustment.
[2] Half hour codes require a minimum of 16 minutes; hour codes require at least 31 minutes.
[3] If neurocognitive testing identifies cognitive impairment, then 99483 is an option.

> " You can tell the company really puts an emphasis on the ease of use. The tests are easier for patients to understand and easier to administer."
>
> Bruce Edward Taylor, MD
> Taylor Internal Medicine | Selma, Alabama

## Book a Meeting

Find out if BrainCheck is right for your practice, and get started with a free 30-day trial in less than 20min.

Zach Smith | Practitioner Consultant

📞 416.859.1996  ✉ zach.smith@braincheck.com

# Sample Case Management Plan

**\*EXAMPLE\***

IN THE EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR SEMINOLE
COUNTY, FLORIDA

CASE NO:

_____,

      Plaintiff,

vs

_____,

      Defendant.

_____/

## CASE MANAGEMENT PLAN

### (GENERAL)

**The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature. This is required to be submitted to the court or filed in the court file for approval of the Case Management Order.**

| | |
|---|---|
| 1. Date of First Response (i.e., Answer, Notice of appearance, Motion for Extension of Time, Motion to Dismiss) | 01/15/2021 |
| 2. Deadline for adding new parties, amendment of pleadings | 60 days since response date |
| 3. Deadline for Witness & Exhibit List (Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | 60 days before Trial |
| 4. Deadline for Expert Disclosure | 150 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the Names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.28(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Court. | 120 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | 150 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | 30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions- Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | 30 days prior to projected trial date |
| 8. Deadline for Mediation: | 45 days prior projected trial date |
| 9. Trial Date | June 1, 2022 (projected trial date) Jury Trial 5 days |

**I hereby certify that I have that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.**

**Date:** _____

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number. Unrepresented parties must include email address for service.**

\*Signature of Counsel/Pro Se Litigant for Plaintiff(s)\*

_____

Printed Name of Counsel/Pro Se Litigant

Florida Bar No.:  If Applicable
Email Address:

\*Signature of Counsel/Pro Se litigant for Defendant(s)\*

_____

Printed Name of Counsel/Pro Se Litigant

Florida Bar No.:  If Applicable
Email Address:

**\*SAMPLE\***

IN THE EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR SEMINOLE
COUNTY, FLORIDA

CASE NO:

_____,
     Plaintiff,

vs

_____,

     Defendant.
_____/

**CASE MANAGEMENT ORDER**
**(GENERAL)**

Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

**ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

The projected date of trial for this matter is the trial  docket beginning June 1, 2022. A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within _60_ days from the response date.

The fact witnesses of all parties shall be disclosed to all other parties no later than_ 60_ days prior to the above projected trial date.

All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than 150 days prior to the above projected trial date. Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

All fact AND expert discovery shall be completed no later than _30_ days prior to the above projected trial date.

All objections to the pleadings, and all pre-trial motions shall be resolved no later than_150_ days prior to the above projected trial date.

Mediation shall be completed no later than 45 days prior to the above projected trial date.

## ORDER

**THE COURT,** having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that

1.    **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.    **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable.**

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or when the case is ready to be set for trial, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5.    **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.    **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7.    **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED**  in Seminole County, Florida on DDDD

JJJJ

*A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.*

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

Case 6:22-cv-01072-RBD-EJK   Document 1-1   Filed 06/20/22   Page 29 of 36 PageID 33

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>SEMINOLE</u>   COUNTY, FLORIDA

<u>MARC IRWIN SHARFMAN, M.D., P.C.</u>
Plaintiff

**2022CA001106**

Case # _____

Judge _____

vs.
<u>BRAINCHECK, INC.</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** E-FILED:  GRANT MALOY, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL 05/16/2022 10:24:51 AM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☒ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☒ yes
        ☐ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.
        none

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☐ yes
        ☒ no

**IX.      DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Ryan M Kelly                         Fla. Bar # 90110
                Attorney or party                              (Bar # if attorney)

Ryan M Kelly                              05/16/2022
  (type or print name)                          Date

- 3 -

Filing # 150730287 E-Filed 06/02/2022 12:16:00 PM

## RETURN OF SERVICE

State of Florida                    County of Seminole                    Circuit Court

Case Number: 2022CA001106

Plaintiff:
**MARC IRWIN SHARFMAN, M.D., P.A., a Florida corporation, individually and
on behalf of all others similarly situated,**

vs.

Defendant:
**BRAINCHECK, INC., a Texas corporation,**

For:
Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008

Received by LEGAL EASE PROCESS SERVICE on the 18th day of May, 2022 at 1:34 pm to be served on
**BRAINCHECK, INC. c/o Capitol Corporate Svcs, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.**

I, Tom Kroll, do hereby affirm that on the **19th day of May, 2022** at **9:50 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons and Class Action Complaint and
Exhibit "A" and Sample Case Management Plan** with the date and hour of service endorsed thereon by me, to:
**Mary Ann Quick as Authorized Agent for Capitol Corporate Svcs, Inc.** as **Registered Agent** at the address
of: **206 E. 9th Street, Suite 1300, Austin, TX 78701** on behalf of **BRAINCHECK, INC.,** and informed said person
of the contents therein, in compliance with state statutes.

I do hereby certify that I have no interest in the above styled action; that I am over the age of eighteen years; and
that I am a Special Appointed Process Server.  Under penalty of perjury, I declare that I have read the foregoing
Verified Return of Service and the facts contained herein are true and correct to the best of my knowledge.  NO
NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

Tom Kroll
LEGAL EASE PROCESS SERVICE
1856 N. Nob Hill Road
Suite #403
Plantation, FL 33322
(954) 667-3783

Our Job Serial Number: GLD-2022000261

Filing # 149623225 E-Filed 05/16/2022 10:24:52 AM

*Mary Ann Quick / Auth*
*Agt.*
*5-19-22  9:50am*
*TK*

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR SEMINOLE COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

MARC IRWIN SHARFMAN, M.D., P.A., a
Florida corporation, individually and on behalf
Of all others similarly situated,

                      Plaintiff

v.

BRAINCHECK, INC., a
Texas corporation,

                      Defendant.

_____/

Case No.:   **2022CA001106**

**CLASS REPRESENTATION**

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or
petition in this action on defendant(s):

        **BRAINCHECK, INC. c/o Capitol Corporate Svcs, Inc.**
        **206 E. 9th Street – STE 1300**
        **Austin, TX  78701**

      Each defendant is required to serve written defenses to the complaint or petition on **Ryan M.
Kelly**, plaintiff's attorney, whose address is **ANDERSON + WANCA, 3701 ALGONQUIN ROAD,
SUITE 500, ROLLING MEADOWS, IL  60008** within 20 days after service of this summons on
that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of
this court either before service on plaintiff's or immediately thereafter.  If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint or petition.

      **DATED** on   May   **16**   , 2022

                                        **Grant Maloy**

Attorney:  Ryan M. Kelly
Florida Bar No.: 90110
Attorney for Plaintiff
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
rkelly@andersonwanca.com

CLERK OF CIRCUIT COURT   **And Comptroller**
/s Deborah  Conant      592022CA0011060000XX
05/16/2022 12:00:26 PM
dfcc6f04-3826-4488-a506-d9e6e98881ff
**Deputy Clerk**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

MARC IRWIN SHARFMAN, M.D., P.A.,
individually and on behalf of all others similarly
situated,

      Plaintiff,

  v.

BRAINCHECK, INC.,

      Defendant.

Case No. 2022CA001106

CLASS REPRESENTATION

## JOINT STIPULATION EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT

WHEREAS Plaintiff Marc Irwin Sharfman, M.D., P.A. ("Plaintiff") served Defendant

BrainCheck, Inc. ("BrainCheck") with the Complaint in the above-captioned matter on May 19,

2022;

WHEREAS BrainCheck's deadline to answer or otherwise respond to the Complaint is

currently June 8, 2022;

WHEREAS BrainCheck and Plaintiff have agreed to an extension of BrainCheck's

response deadline to July 15, 2022;

WHEREAS good causes exists why BrainCheck should have additional time to answer or

otherwise respond to the Complaint, so that the parties may investigate and discuss the

allegations;

WHEREAS this stipulation is not being entered into for the purpose of improper delay by

either party and will not affect any other deadlines in the case; and

WHEREAS this stipulation is not, and shall not later be construed as, a waiver of any

SF-4849708

defense by BrainCheck;

IT IS THEREFORE STIPULATED by the parties through their undersigned counsel that,

BrainCheck will have a thirty-seven-day extension of time until, and including, July 15, 2022, to

answer or otherwise respond to the Complaint.

Dated:  June 7, 2022

/s/ Christi A. Lawson
Christi A. Lawson
Florida Bar No. 498351
FOLEY & LARDNER LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
Telephone: 407.244.3235
Facsimile:  407.648.1743
clawson@foley.com

Attorneys for Defendant

Dated:  June 7, 2022

/s/ Ryan M. Kelly
Ryan M. Kelly
Florida Bar No. 90110
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847.368.1500
Facsimile:  847.368.1501
rkelly@andersonwanca.com

Attorney for Plaintiff

**DONE AND ORDERED** in Chambers at Sanford, Seminole County, Florida, this _____

day of June, 2022.

_____
Honorable Christopher Sprysenski

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that copies have been furnished by U.S. Mail or via filing with the

Florida Courts E-Filing Portal on this _____ day of June, 2022.

_____
Judicial Assistant to
Judge Christopher Sprysenski